IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN DARYL RICE, | § | |
| TDCJ-CID NO.1392550, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-4363 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner, a state inmate who is incarcerated in the Darrington Unit of the Texas Department of Criminal Justice-Correctional Institutions Division, filed this action seeking habeas corpus relief from a disciplinary conviction for possession of contraband on the Byrd Unit in Huntsville, Texas.  (Docket Entry No.1).  Petitioner has also filed a memorandum in support of his petition.  (Docket Entry No.2).  After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that his habeas corpus case must be dismissed for reasons set forth below.

BACKGROUND

Petitioner reports that he is presently in custody as the result of a 2006 felony theft conviction from the 283rd Judicial District Court of Dallas County, Texas.  He is serving a twenty-five year sentence from that conviction.  Petitioner does not challenge his underlying conviction; he alleges the following with respect to the disciplinary conviction for possession of contraband.

In early November 2010, Assistant Warden Cary Cook charged petitioner with a disciplinary case for being out of place.  *Rice v. Thaler*, Civil Action No.H-11-1132 (S.D. Tex.

Sept. 30, 2011).  Petitioner was found guilty and subjected to punishment that included forfeiture of ten days of previously earned good time credit.  *Id.*  He grieved the disciplinary conviction but was denied relief.  Thereafter, petitioner complained to his mother that Assistant Warden Cook manufactured the disciplinary case.  (Docket Entry No.1, page 8).  Petitioner later filed a federal habeas petition challenging the conviction, which was denied.  Civil Action No.H-11-1132.

On December 1, 2010, Officer Linda Middleton charged petitioner with a disciplinary violation for stealing fried chicken.  (Docket Entry No.1, page 8).  The next day, petitioner wrote Assistant Regional Director Jackie Edwards about the first disciplinary charge filed by Assistant Warden Cook.  (*Id.*).  He also informed Building Major Randall Cook that petitioner's mother had called TDCJ Deputy Executive Director Bryan Collier, and two state senators about Assistant Warden Cook's actions.  (*Id.*).  Building Major Cook indicated that he had a meeting with the warden, where a discussion was held about petitioner and his mother contacting the executive director and state officials.  (*Id.*).

On December 3, 2010, petitioner met with Officer Tracy Argo about the new disciplinary charge for stealing fried chicken that had been filed by Officer Middleton.  (*Id.*, page 9).  Thereafter, Middleton and Argo discussed the fried chicken case and "decided to give offender Rice another chance."  (Docket Entry No.1-1, page 4).  Argo tore up the disciplinary charge that Officer Middleton had written against petitioner about stealing fried chicken, and said, "This matter is resolved."  (Docket Entry No.1, page 9).  On December 5, 2010, petitioner requested an interview with Senior Warden Edward Howell to discuss Assistant Warden Cook's actions.  (*Id.*).  The next day, petitioner received a response to his Step 1 grievance about Assistant Warden Cook's disciplinary case that was signed by Warden Howell.  (*Id.*)

2

On December 7, 2010, Tracy Argo informed petitioner that "Warden Cook found out about the stealing chicken case and he . . . wants the disciplinary case re-written and turned in.'" (*Id.*). Argo had Middleton re-write the case. The new case, however, reflected a different charge. Instead of code 17.0 stealing, the charge was code 16.0 possession of contraband. (*Id.*). No preliminary investigation was done on the new charge. Petitioner informed the disciplinary hearing officer that the new charge had not been investigated. (*Id.*).

On December 9, 2010, petitioner was found guilty of the contraband charge. Punishment was assessed at a reduction in line class status, and forty-five days commissary and recreation restriction. (*Id.* page 10). The same day, petitioner filed a Step 2 Grievance from Assistant Warden Cook's disciplinary case. (*Id.*).

On December 7, 2010, petitioner received a response from Assistant Regional Director Jackie Edwards, which directed petitioner to file a Step 2 grievance if he was not satisfied with the response to the Step 1 grievance. (Docket Entry No.1-2, page 3). Petitioner also appeared before the Unit Classification Committee, which reduced his custody level from G2 to G4. (Docket Entry No.1, page 10).

On December 11, 2010, petitioner filed a Step 1 Grievance on the contraband disciplinary case, alleging procedural violations and retaliation from Assistant Warden Cook. On December 12, 2010, petitioner filed a Step 1 grievance complaining about Cook's retaliation, harassment, and mistreatment of offenders. On December 14, 2010, petitioner wrote the Office of Inspector General to request an interview and an investigation into Assistant Warden Cook's conduct. (*Id.*).

Petitioner requests the Court order that the contraband disciplinary conviction be expunged from his record and that his good-time earning status be restored because procedural

rules were not followed with respect to the investigation and because Assistant Warden Cook ordered the case be re-filed in retaliation for plaintiff's complaints about Cook's conduct in charging plaintiff with a disciplinary violation.  (Docket Entry No.2).

<u>DISCUSSION</u>

<u>Due Process</u>

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McConnell*, 418 U.S. 539, 557 (1974).  A prisoner charged with a rule infraction is entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest.  *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001).  In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995).  Although petitioner is eligible for mandatory supervision, he indicates that he did not lose any good conduct credit as a result of the disciplinary conviction.  (Docket Entry No.1).  The changes in petitioner's confinement from the disciplinary conviction, *i.e.*, restrictions imposed on commissary and recreation privileges, and the reduction of line class status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause.  *See Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (line class status).  Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty

interest, his claims do not implicate due process concerns. Therefore, petitioner's claims do not present a basis for federal habeas relief.

Retaliation

Petitioner seeks expunction of his disciplinary conviction for possession of contraband and restoration of his line class status on the ground that Assistant Warden Cook ordered the disciplinary charge of possession of contraband be filed in retaliation for the complaints petitioner voiced to TDCJ administrators about Assistant Warden Cook's conduct.

Although retaliation it is not expressly referred to in the Constitution, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Retaliation, however, is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a retaliation claim, an inmate must invoke a specific constitutional right, the defendant's intent to retaliate against the inmate for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.* "but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* at 1166. Conclusory allegations are insufficient to establish a retaliation claim. *Id.* The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Petitioner has produced no direct evidence of Assistant Warden Cook's intent to retaliate against him because petitioner voiced complaints to TDCJ officials about the disciplinary conviction for being out of place. Although petitioner alleges a chronology of events to show that Assistant Warden Cook was aware of the complaints that petitioner filed against him and that Assistant Warden Cook instructed an officer to charge petitioner with possession of contraband instead of theft of the fried chicken, such chronology does not necessarily give rise to an inference of a retaliatory intent. The mere fact that one incident precedes another is not proof of a causal connection. *See Tampa Times Co. v. National Labor Relations Bd.*, 193 F.2d 582 (5th Cir. 1952). Moreover, petitioner does not allege that the disciplinary charge of possession of contraband is false; he concedes that he was found guilty of the charge. Finally, petitioner fails to show that he has suffered any violation of his right to complain of Assistant Warden Cook's alleged retaliation. By his own account, petitioner has continued to voice his complaints to TDCJ officials about Assistant Warden Cook's conduct.

Based on this record, the Court finds that petitioner has not stated an actionable retaliation claim.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's

6

assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484).   A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.   Therefore, a certificate of appealability from this decision will not issue.

CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.   Petitioner's petition for writ of habeas corpus is DENIED and this action is DISMISSED WITH PREJUDICE.

2.   A certificate of appealability is DENIED.

3.   All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 6th day of February, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

7